**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JOHN MATTHEW FERRELL,

                Plaintiff,

v.                                     CIVIL ACTION NO.  2:10-cv-00715

FINANCE AMERICA, LLC, et al.,

                Defendants.

**MEMORANDUM OPINION AND REMAND ORDER**

       Before the Court is Plaintiff's Motion to Remand [Docket 7].  For the reasons set forth below, this motion is **GRANTED**.

*I.  BACKGROUND*

       This action was originally filed in the Circuit Court of Kanawha County by Plaintiff, John Matthew Ferrell, on March 31, 2010.  Plaintiff resides in Dry Branch, West Virginia.  Plaintiff alleges that the loan he received to purchase his home was based on an inflated appraisal price, and that the debt incurred exceeded the value of the actual home.  Plaintiff claims he was injured as a result of fraud and predatory lending by Defendants Finance America, LLC ("Finance America"); Safeco Insurance Company of America ("Safeco"); Global Mortgage Group, Inc. ("Global"); Hanover Insurance Company ("Hanover"); Great American Title, Inc.("Great American Title"); Ocwen Loan Servicing, LLC ("Ocwen"); and Jeffrey Moore ("Moore").[1]

---

[1] Based on Plaintiff's Notice of Dismissal, Defendants Global and Hanover were dismissed by Order of the Court.  (Docket 36.)

On May 7, 2010, Ocwen filed a notice of removal, invoking this Court's diversity and federal question jurisdiction.  In the notice of removal, Ocwen, a citizen of Florida, acknowledges that Defendant Finance America is out of business and has not been served.  Defendants Great American Title, Safeco, and Moore were properly served, but none consented to removal.  Notwithstanding the fact that Finance America and Moore are citizens of West Virginia for purposes of jurisdiction, Ocwen contends that complete diversity exists because the non-diverse defendants are fraudulently joined.  In the alternative, Ocwen argues that Plaintiff's claims are preempted by federal law or necessitate resolution of issues of federal law.

On May 17, 2010, Plaintiff timely moved to remand pursuant to 28 U.S.C. § 1447(c). Plaintiff argues that the rule of unanimity is not satisfied because not all Defendants joined in removal while maintaining, in the alternative, that neither diversity nor federal question jurisdiction exist.  In Ocwen's response, it contends that the doctrine of fraudulent joinder alleviates strict adherence to the rule of unanimity because removal does not require the consent of a fraudulently joined party.  In his reply, Plaintiff argues that Ocwen failed to meet the burden of showing that Great American Title, Safeco, and Moore are fraudulently joined parties.  Moreover, Plaintiff contends that Ocwen's failure to satisfy the rule of unanimity is a threshold question that must be resolved before the question of fraudulent joinder is addressed, and therefore dispositive here.

## II.  LEGAL STANDARD

The federal courts have original jurisdiction over civil actions originating in state court when the actions "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. Additionally, federal jurisdiction may be invoked in civil actions where there is complete diversity among the parties and the amount in controversy exceeds the jurisdictional threshold.  28 U.S.C. §

1332(a).  Complete diversity exists "when no party shares common citizenship with any party on the other side."  *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citation omitted). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The rule of unanimity is satisfied when all named parties join or consent to removal.  *See Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900).

Ocwen, in its notice of removal, seeks to invoke this Court's diversity jurisdiction, or in the alternative, federal question jurisdiction.  The parties disagree over whether the rule of unanimity has been satisfied and whether complete diversity exists.  Finance America, Great American Title, and Moore share the same citizenship as Plaintiff; however, if they are fraudulently joined, their citizenship will not be considered in the jurisdictional analysis.  *Hartley v. CSX Transp.*, 187 F.3d 422, 424 (4th Cir. 1999).

Before reaching the question of fraudulent joinder, the Court must determine whether removal was procedurally defective.  Defects in the removal process may result in remand.  28 U.S.C. § 1447(c).  Removal statutes are strictly construed against the party seeking removal, and thus the party seeking remand will receive the benefit of the doubt.  *See Mulcahey v. Columbia Organic Chemicals Co.*, Inc., 29 F.3d 148, 151 (4th Cir. 1993) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004).

### III.  ANALYSIS

A.     *Rule of Unanimity*

A party that seeks to remove an action from state court to federal court must abide by the procedural requirements set out in 28 U.S.C. § 1446.  "[A]s a general rule, all defendants must consent to removal." *Justice v. Branch Banking & Trust Co.*, No. 2:08-230, 2009 WL 853993, (S.D. W. Va. Mar. 24, 2009) (citing 28 U.S.C. § 1446(a)) (interpreting *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247 (1900)).

All defendants must unanimously join in or consent to a removal action within 30 days of receiving service of the complaint.  Because the filing requirements contained in 28 U.S.C. § 1446 are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consent to, a removal petition within 30 days of service. *Lloyd v. Cabell Huntington Hosp., Inc.*, 58 F. Supp. 2d 694, 697 (S.D. W. Va. Jul. 29,1999) (quoting *Wilkins v. Correctional Medical Sys.*, 931 F.2d 888 n.2 (4th Cir. 1991)).

However, two relevant exceptions to the rule of unanimity exist: 1) a party that fails to join or consent to removal was not served at the time of removal, or 2) a party is fraudulently joined. *Wolfe v. Green*, 660 F. Supp. 2d 738, 744 (S.D. W. Va. 2009); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812 (5th Cir. 1993).  In a situation where less than all defendants have been served at time of removal, "only the defendants served at the time of removal need join, or consent to, the notice of removal." *Wolfe*, 660 F. Supp. 2d at 744 (citing *Unicom Sys., Inc. v. Nat'l Louis Univ.*, 262 F. Supp. 2d 638, 640 n.3 (E.D. Va. 2003); *Means v. G&C Towing, Inc.*, 623 F. Supp. 1244, 1245 (S.D. W. Va. 1986)).  "[A]s a general rule, removal requires the consent of all co-defendants.  In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement

4

to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan*, 989 F.2d at 815.

Plaintiff argues that removal was defective because not all Defendants consented. Plaintiff and Ocwen agree that three defendants, Great American Title, Safeco, and Moore were served at the time of removal. The named defendant not served at the time of removal, Finance America, was not required to consent or join the removal. *Wolfe*, 660 F. Supp. 2d at 744. Therefore, the question before the Court is whether Great American Title, Safeco, and Moore are fraudulently joined. If one of the served parties was not fraudulently joined, then the action must be remanded for failure to satisfy the rule of unanimity.

> B.      *Fraudulent Joinder*

Fraudulent joinder requires neither fraud nor joinder. Rather, "it is a term of art [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against [a] non-diverse defendant, or in fact no cause of action exists." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (citations omitted). The party seeking removal "must demonstrate either 'outright fraud in the plaintiff's pleadings of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley*, 187 F.3d at 424 (quoting *Marhsall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* Therefore, if there exists even a "possibility of a right to relief," an order for remand is proper. *Hartley*, 187 F.3d at 426; *Marshall*, 6 F.3d at 233. The fraudulent joinder standard "is even more favorable to the

5

plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Mayes*, 198 F.3d at 464.

West Virginia law guides the Court in determining whether there is any possibility that Plaintiff would be able to establish a right to relief against Great American Title or Moore. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). Ocwen does not allege that Plaintiff manipulated jurisdictional facts through fraud. Thus, the question before the Court is whether Plaintiff would be able to establish a cause of action against Great American Title or Moore.

Ocwen contends that the charges of unconscionable inducement, fraud, joint venture and agency, and fraudulent appraisal against Great American Title and Moore are time-barred. Plaintiff alleges unconscionable inducement under the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W. Va. Code §§ 46A-1-101 to -8-201, which allows him to bring a claim up to one year after the last scheduled loan payment. Ocwen contends that the WVCCPA does not apply because it refers to claims against creditors, and that neither Great American Title nor Moore actually extended credit to Plaintiff, and thus neither fits the definition of a creditor within the meaning of the WVCCPA.[2] Plaintiff contends that claims against Defendants are enforceable under the WVCCPA because they were involved in a joint venture, conspiracy, or agency with the other defendants. Ocwen responds that Plaintiff failed to state a claim for joint venture, conspiracy, or agency. In his reply, Plaintiff argues that claims against agents and those involved in a joint venture with a creditor are actionable under the WVCCPA. (Docket 12 at 3 (citing an order in *Short v. Wells Fargo Bank Minnesota*, No. 3:04-cv-1096 (S.D. W. Va. Apr. 15, 2005) (holding that mere closing

---

[2] While the term "creditor" is undefined in the WVCCPA, the term "credit" is defined as "the privilege granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment." W. Va. Code § 46A-1-102(17).

6

agents could be considered as "part of a joint venture with defendant lenders" and therefore potentially liable for unconscionability claims under the WVCCPA)).)

In the complaint, Plaintiff alleges that Great American Title and Moore, along with the other named Defendants, unconscionably induced Plaintiff to enter into the loan agreement in violation of W. Va. Code § 46A-2-121. Specifically, Plaintiff alleges that Defendants led him "to believe the value of his home supported the value of the loan, when in fact it did not," Defendants failed "to provide a meaningful explanation of the terms of the contract to Plaintiff," and that Defendants failed to consider Plaintiff's ability to pay. (Docket 1-1 at 6.) Plaintiff's second count against Defendants is a fraud claim. Plaintiff alleges in this count that Defendants participated in a joint venture to originate a loan, Plaintiff relied on Defendants, and was damaged by entering into the loan. (*Id.* at 7.)[3] In the fourth count, Plaintiff alleges that Moore, "in making the false appraisals as hereinbefore alleged, engaged in dishonesty, fraud, and/or misrepresentation with the intent to substantially benefit themselves or another, and with the intent to substantially injure another in violation of the Real Estate Appraiser Licensing and Certification Act." In count five, Plaintiff argues that all Defendants acted together to carry in a joint venture to commit unlawful acts against Plaintiff.

The Court need only examine Plaintiff's WVCCPA claims against Great American Title and Moore to conclude that both were not fraudulently joined. Ocwen argues that Plaintiff fraudulently joined Great American Title and Moore because neither is "a creditor to Plaintiff within the meaning of the [WVCCPA]." However, as noted in *Short*, all those who make up a joint venture to violate the WVCCPA can be liable under that act. Plaintiff makes numerous allegations in his complaint

---

[3] Counts three and six do not relate to Defendants Great American Title and Moore.

that Great American Title and Moore, along with the other Defendants, were a part of a joint venture that acted together to make an unfair loan to Plaintiff.  Therefore, the possibility of establishing a cause of action based on agency or joint venture exists under the WVCCPA.

Accordingly, the Court finds that Ocwen has failed to meet its burden of showing that Plaintiff has no possibility of establishing a claim against Great American Title and Moore. Therefore, the Court is required to remand the case to the Circuit Court of Kanawha County.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand [Docket 7] is **GRANTED**.  The case is hereby **REMANDED** to the Circuit Court of Kanawha County, West Virginia, and the Clerk is **DIRECTED** to send a certified copy of this Order to the Clerk of the Circuit Court of Kanawha County.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        March 30, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

8